U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk
By: Shedelle Dorsett
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on May 18, 2022

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. |
| | ) |
| | ) UNDER SEAL |
| v. | ) |
| | ) |
| | ) 21 U.S.C. §§ 959(a), 960(a)(3), |
| ▇▇▇  ▇▇▇  ▇▇▇▇▇▇ | ) 960(b)(1)(B)(ii), and 963 |
| | ) (Conspiracy to Distribute 5kg or |
| and | ) more of Cocaine for Importation |
| | ) into the United States) |
| JHON FERNANDO DELGADO BUSTAMANTE, | ) |
| also known as "Jhony," | ) 18 U.S.C. §§ 1956(h), (a)(1)(B)(i), |
| | ) (a)(2)(A), (a)(2)(B)(i), and |
| Defendants. | ) (a)(3)(B) |
| | ) (Money Laundering Conspiracy) |
| | ) |
| | ) 21 U.S.C. §§ 853 and 970 |
| | ) (Drug Forfeiture) |
| | ) |
| | ) 18 U.S.C. § 982 |
| | ) (Money Laundering Forfeiture) |

Case: 1:22-cr-00351
Assigned To Judge: Lamberth, Royce C.
Assign. Date : 10/27/2022
Description: INDICTMENT (B)

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**

Beginning in or around March 2020, and continuing until in or about August 2021, the exact dates being unknown to the Grand Jury, in the countries of the United States, ▇▇▇▇▇, Colombia, and elsewhere, the Defendants, ▇▇▇ ▇▇▇ ▇▇▇▇▇▇ and JHON FERNANDO DELGADO BUSTAMANTE, also known as "Jhony," and others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute five (5) kilograms or more of a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3); all in violation of Title 21, United States Code, Section 963.

The controlled substance involved in the conspiracy attributable to each Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

> (Conspiracy to Distribute Five Kilograms or More of Cocaine Intending, Knowing, and Having Reasonable Cause to Believe that Such Substance Will Be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963.)

## COUNT TWO

Beginning in or around March 2020, and continuing until on or about August 31, 2021, the exact dates being unknown to the Grand Jury, within the United States, ▮▮▮ Colombia, and elsewhere, the defendants, ▮▮▮ ▮▮▮ ▮▮▮ and **JHON FERNANDO DELGADO BUSTAMANTE, also known as "Jhony,"** did knowingly, intentionally, and willfully conspire and agree with others, known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Section 1956, as follows:

A.  To knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960, and 963, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful

activity, and while conducting and attempting to conduct such financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

B. To knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, which monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 959(a), 960, and 963, knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and while conducting and attempting to conduct such transportation, transmission, and transfer, knowing that the property involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

C. To knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959(a), 960, and 963, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

      D.      To knowingly conduct and attempt to conduct a financial transaction with property represented to be the proceeds of some form of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960, and 963, knowing that such financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the property believed to be the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B);

all in violation of Title 18, United States Code, Section 1956(h), (a)(1)(B)(i), (a)(2)(A), (a)(2)(B)(i), and (a)(3)(B).

(Money Laundering Conspiracy, in violation of Title 18, United States Code, Sections 1956(h), (a)(1)(B)(i), (a)(2)(A), (a)(2)(B)(i), and (a)(3)(B).)

## DRUG FORFEITURE ALLEGATION

The United States hereby gives notice to the defendants that upon conviction of the offense alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendants obtained directly or indirectly as the result of the Title 21 violations alleged in Count One, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third person;

      (c)      has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property.

(Drug Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

## MONEY LAUNDERING FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendants that upon conviction of the Title 18 offense alleged in Count Two of this Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

//
//

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

(Money Laundering Forfeiture, in violation of Title 18, United States Code, Section 982.)

A TRUE BILL.

_____
FOREPERSON

_Kamy— for_
ARTHUR G. WYATT, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:

_____
Melanie L. Alsworth
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice